■ ANTHONY M. SGAMBATI, Respondent, v. WORLD WIDE VOLKSWAGEN CORPORATION, Appellant; MILAU ASSOCIATES, INC., Defendant-Respondent and Third-Party Plaintiff-Respondent, et al., Defendant; GARFINKLE PAINTING CO., INC., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injuries, defendant World Wide Volkswagen Corporation (World Wide) appeals (1) from an interlocutory judgment of the Supreme Court, Suffolk County, entered June 14, 1971, and (2) as limited by its brief, from so much of a resettled interlocutory judgment of the same court, entered September 28, 1971, as (a) is against it and in favor of plaintiff on the issues of liability, upon a jury verdict, and (b) dismissed its cross complaint against third-party defendant Garfinkle Painting Co., Inc. Appeal from interlocutory judgment entered June 14, 1971 dismissed as academic, without costs. That judgment was superseded by the resettled interlocutory judgment. Resettled interlocutory judgment modified, on the law, by striking therefrom the decretal paragraph granting judgment to plaintiff against defendant World Wide Volkswagen Corporation and by substituting therefor a provision granting a new trial as between plaintiff and said defendant and directing severance of the action as between them from the remainder of the action. As so modified, resettled interlocutory judgment affirmed insofar as appealed from, with costs as between said parties to abide the event of the new trial and with costs to Garfinkle Painting Co., Inc., against World Wide Volkswagen Corporation. The questions of fact as between plaintiff and defendant World Wide Volkswagen Corporation have not been considered. Plaintiff was injured when he fell from a scaffold while painting a door on premises leased and occupied by defendant World Wide. There was evidence on plaintiff's behalf showing that the fall occurred when the scaffold ladders were struck by skids piled on a fork-lift truck being operated by World Wide's employee. This evidence showed that the fork-lift truck came from a door just to the left of the door upon which plaintiff was working when the skids brushed against the scaffold ladders. There was further evidence that, although the premises were occupied and in full use by World Wide, certain items of construction had not been completed. Construction was in the control of a general contractor who had requested plaintiff's employer, the painting subcontractor, to complete unfinished painting items at its, the painting subcontractor's, convenience. This evidence showed that World Wide did not know, and had no reason to know, that painters were on its premises at the time of the accident. At the conclusion of the trial, World Wide's counsel asked for a charge to the jury concerning World Wide's duty as it related to whether or not World Wide had notice that plaintiff was on the premises. The court refused to so charge. In our opinion, the refusal to

charge on notice constituted reversible error. On the state of the proof, the jury could have found that World Wide's employee was not negligent in his operation of the fork-lift truck, but that World Wide was nevertheless liable because of a duty owed to plaintiff. In our opinion, there is no merit to World Wide's contention that it was entitled to the benefits of an indemnification agreement between plaintiff's employer and the general contractor and we affirm that portion of the judgment dismissing World Wide's cross complaint against plaintiff's employer. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.