petitioner at his home address. The contention of petitioner that he did not receive the documents is insufficient to rebut the presumption that a proper mailing occurred (*see, Engel v Lichterman*, 62 NY2d 943; *Morgan v Long Beach Entertainment Complex*, 125 AD2d 378). (Original Proceeding Pursuant to CPLR art 78.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.

■ M. Dianne Sippel, Appellant, v John D. Sippel, Respondent. [661 NYS2d 366] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in vacating the stipulation entered into by the parties in open court before the Referee on the ground that it is unconscionable. It is well settled that the court, upon motion or its own initiative, "may confirm or reject, in whole or in part * * * the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing" (CPLR 4403). Furthermore, before entry of a judgment of divorce, a party may by motion seek to set aside a stipulation on the ground that it was not fair and reasonable at the time of its making or is unconscionable (*see, Sheridan v Sheridan*, 202 AD2d 749, 750-751; Domestic Relations Law § 236 [B] [3]). Such a stipulation will be set aside only "upon the demonstration of good cause, such as mistake, fraud, duress or overreaching [citations omitted], or when found to be unconscionable" (*Cantamessa v Cantamessa*, 170 AD2d 792, 793). Defendant's conclusory statements that the stipulation in this matter was not fair and reasonable at the time of its making or is unconscionable do not provide a basis to set it aside (*see, Robinson v Robinson*, 111 AD2d 316, 317, *appeal dismissed* 66 NY2d 613, *mot to vacate denied* 66 NY2d 855, *rearg denied* 67 NY2d 647). Because stipulations in marital actions are more closely scrutinized than other contracts, however, whether the stipulation is fair and reasonable or unconscionable is an issue upon which the court may take proof (*see, Sheridan v Sheridan, supra*, at 751). Consequently, summary disposition is inappropriate. We therefore modify the order by denying defendant's cross motion, and we remit the matter to Supreme Court for further proceedings consistent with this decision (*see, Sheridan v Sheridan, supra*, at 751). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Vacate Stipulation.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.

■ F.B. Transit Road Corporation, Plaintiff, v DRT Construction Company, Inc., Individually and as Partner in

ACP/DRT PARTNERSHIP, et al., Defendants. (Action No. 1.) F.B. TRANSIT ROAD CORPORATION, Respondent, v W.R.S.B. DEVELOPMENT COMPANY, L. L. C., et al., Appellants. (Action No. 2.) (Appeal No. 1.) [662 NYS2d 284] —Appeals unanimously dismissed without costs (*see, Sgambati v World Wide Volkswagen Corp.*, 38 AD2d 761). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.

■ F.B. TRANSIT ROAD CORPORATION, Respondent, v DRT CONSTRUCTION COMPANY, INC., Individually and as Partner in ACP/DRT PARTNERSHIP, Appellant, and W.R.S.B. DEVELOPMENT COMPANY, L. L .C., Intervenor-Appellant. (Action No. 1.) F.B. TRANSIT ROAD CORPORATION, Respondent, v W.R.S.B. DEVELOPMENT COMPANY, L. L. C., et al., Appellants. (Action No. 2.) (Appeal No. 2.) [661 NYS2d 367] —Order unanimously reversed on the law with costs, cross motion granted and amended complaints dismissed. Memorandum: Plaintiff entered into a contract to purchase commercial real estate from defendant DRT Construction Company, Inc. (DRT). The contract provided for a 60-day due diligence period during which plaintiff could terminate the contract without penalty upon notice to DRT. Following several extensions of that period, plaintiff exercised its right to terminate the contract. DRT subsequently sold the property to defendant W.R.S.B. Development Company, L.L.C. (W.R.S.B.), which in turn sold parcels to defendants Wegmans Food Markets, Inc. (Wegmans), and Dayton Hudson Corporation (Dayton Hudson).

Plaintiff commenced the instant actions seeking specific performance of its contract with DRT, damages, declaratory relief and a determination of the parties' rights pursuant to RPAPL article 15. Plaintiff alleges that, following its termination of the agreement, DRT made repeated oral assurances to plaintiff that the deal remained in place and that it would agree to modify the terms of the contract of sale. As a result, plaintiff alleges, DRT is obligated to sell the property to plaintiff under either the original contract, the original contract as modified orally or a new oral agreement. Plaintiff moved for an order compelling discovery. DRT and W.R.S.B. cross-moved for summary judgment dismissing the amended complaints on the grounds that the original contract was terminated by plaintiff, modification of that contract was barred by its express provisions that it could be modified only in writing (*see,* General Obligations Law § 15-301 [1]) and the Statute of Frauds barred any new agreement for the sale of the property (*see,* General Obligations Law § 5-703 [2]). Plaintiff opposed the cross motion